

**FILED**
AUG - 6 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Let this be filed ESH 8/6/15*

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. CR-09-305 (ESH)

VLADISLAV ANATOLIEVICH HOROHORIN,

    Defendant,
_____/

### DEFENDANT'S MOTION TO RETURN PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) AND INCORPORATED MEMORANDUM

NOW COMES the Defendant, Vladislav Anatolievich Horohorin (Hereinafter "Mr. Horohorin" or "Defendant"), proceeding pro se, and moves this Honorable Court pursuant to Federal Rules of Criminal Procedure 41(g), for the entry of an Order to return Defendant's property. In support thereof, Mr. Horohorin states the following:

I. FEDERAL RULES OF CRIMINAL PROCEDURE 41(g)

Rule 41, subsection (g), of the Federal Rules of Criminal Procedure, states in pertinent part:

> A person aggrieved by...the depravation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide motion.

(1)

As demonstrated above, a person aggrieved by "the depravation of property," that was <u>not</u> subject to criminal forfeiture, may request its return. Fed. R. Crim. P. 41(g). <u>See also</u>, <u>United States v. Price</u>, 914 F.2d 1507, 1511 (D.C. Cir. 1990). Within the parameters of Rule 41, property is defined as "documents, books, papers, any other tangible objects, and information." Fed. R. Crim. P. 41(a)(2)(A).

In the immediate case, Mr. Horohorin's property was seized during his extradition from France. The property in question was not subject to criminal forfeiture, and therefore, cannot be viewed as "an element of [your Defendant's] sentence." <u>Libretti v. United States</u>, 516 U.S. 29, 38-39 (1995).

The criminal proceedings against Mr. Horohorin have concluded. <u>See</u>, Judgement and Committment Order. Hence, it is of no consequence that Mr. Horohorin should continue to suffer the depravation of his property.

II. FACTUAL BACKGROUND

Mr. Horohorin is a national of Russia who resided in Moscow. Thereabout November 12, 2009, Mr. Horohorin was indicted under a sealed indictment. <u>See</u>, Docket Entry Nos. 1, 2, 3. The indictment remained sealed until August 11, 2010. Docket Entry No. 9. Subsequently a Bench Warrant was issued by the Court (Huvelle, J.).

On August 7, 2010, pursuant to a provisional arrest warrant sent from the United States Department of Justice, Office of International Affairs, to the French authorities, Mr. Horohorin was arrested while on vacation in France by officers with the

French National Police, Border Control at the Nice Cote d'Azur Airport in Nice, France.

The United States soon thereafter submitted a formal extradition request, and after a lengthy extradition proceeding, on June 6, 2012, Mr. Horohorin was extradited to the United States. Upon arriving to the United States, Mr. Horohorin was immediately taken into the custody of the United States Secret Service, who in turn, placed your Defendant into the custody of the United States Marshal.

The United States Marshal Service seized the following items from Mr. Horohorin's person:

1) Russian Passport
2) Israeli Passport
3) Russian vehicle registration and vehicle paperwork
4) Two car key fobs (Tesla and Porche automobiles)
5) Three gray Louis Vuitton bags
6) Miscellaneous business paperwork
7) Over 3,000 Euros in cash
8) Personal clothing
9) Wallet containing credit cards and Russian currency
10) Two cell phones (Nokia & Vertu)

Mr. Horohorin was arraigned in the United States District Court for the District of Columbia and charged with Access Device Fraud, in violation of 18 U.S.C. § 1029; Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A; Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. § 2, and Conspiracy to Commit Wire Fraud.

On April 5, 2013, Mr. Horohorin was convicted and sentenced to a term of 88-months of incarceration, to be followed by 2-years of supervised release.

III. ARGUMENT

A Rule 41(g) motion for the return of property made after the close of a criminal proceeding is treated as a civil proceeding for equitable relief. In re Search of the Rayburn House Office Bldg. Rm. No. 2113, 432 F.Supp.2d 100, 107 (D.C. 2006). Whether to exercise its jurisdiction to order the government to return a defendant's property is soundly within the discretion of the trial court.

Mr. Horohorin respectfully requests the Honorable Court to exercise its discretion and Order the government to return your Defendant's property. Here, the Government did not initiate an administrative forfeiture against Defendant's foreign currency or personal property seized from Mr. Horohorin upon his arrival in the United States. Further, a forfeiture provision was not included in your Defendant's plea agreement, thus, Mr. Horohorin did not "knowingly and voluntarily," Libretti v. United States, 516 U.S. 29, 41-42 (1955), forfeit his property interest in his assets.

A judge presiding at a criminal proceeding has the power to return property previously seized to its rightful owner. United States v. LaFatch, 565 F.2d 81, 83 (6th Cir. 1977). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the...proceedings have

(4)

terminated." United States v. Francis, 646 F.2d 251, 262 (6th Cir. 1981). This holds "true whether or not the original seizure was lawful." Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir. 1982).

In the immediate case, the initial issue to be considered by the Court is whether Mr. Horohorin can show a sufficient property interest in the currency and property to demand their return?

It appears your Defendant can easily satisfy this burden by showing that the Government seized the items from his possession upon his extradition to the United States. It is well settled, for over a century, that mere possession of an item is enough to establish some form of interest. See, Northern Pacific Railroad Co. v. Lewis, 162 U.S. 366 (1896). The seizure of property from someone is prima facie evidence of that person's entitlement, particularly when the seized property is money, "negotiable instruments [are] difficult to identify and trace." United States v. Wright, 610 F.2d 930, 939 (D.C. Cir. 1979).

In sum, Mr. Horohorin has demonstrated an "interest" in both the currency and property seized from his person upon his extradition and arrival to the United States. It bearing noting that your Defendant was arrested by the French authorities, on behest of the United States, while Mr. Horohorin was vacationing in France. Thus, he was carrying a lot of property with him at the Nice Cote D'Azur Airport in Nice, France. It is respectfully submitted that justice is not served if the Government continues to retain Defendant's property. The Government did not prove a

nexus between the seized property and the criminal charges levied against your Defendant. Further, the items have no apparent relationship to either the case-at-bar or any continuing investigation.

Mr. Horohorin's property was not forfeited to the Government and has continuously remained in the jurisdiction of the Court since the moment the items were seized. "It now is the obligation of the district court to return this property to the rightful owner." United States v. LaFatch, 565 F.2d 81, 84 (6th Cir. 1977).

IV. CONCLUSION

**Wherefore**, for the foregoing reasons, Defendant respectfully prays the Honorable Court enter an Order directing the Government to return Mr. Horohorin's personal property. **AFFIANT FURTHER SAYETH NAUGHT.**

Respectfully submitted,

Dated:

5/1/2015

Vladislav Anatolievich Horohorin, pro se
Reg. No. 32133-016
FMC-Devens, Unit N-4
P.O. Box 879
Ayer, Massachusetts 01432

As to the foregoing, Defendant swears the facts herein are true and correct to the best of his knowledge and belief under the penalty of perjury, per 28 U.S.C. § 1746.

(6)

## CERTIFICATE OF SERVICE

I, Vladislav Anatolievich Horohorin, hereby certify that a true copy of the foregoing **MOTION TO RETURN PROPERTY** has on this date been served upon Ethan Ray Arenson, A.U.S.A., by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

Ethan Ray Arenson, A.U.S.A.
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530

Dated:

5/1/2015

_____
Vladislav Anatolievich Horohorin